Hernandez Arellano v. Garland

BIA
Connelly, IJ
A214 088 660

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-one.

PRESENT:
> DENNY CHIN,
> MICHAEL H. PARK,
> > *Circuit Judges.**

---

ABIGAIL HERNANDEZ ARELLANO, AKA
MARTIN DOLL,
> *Petitioner*,

> v.                                                    19-1395
>                                                        NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent*.

---

FOR PETITIONER:          Michael E. Marszalkowski, Serotte Law, Buffalo, NY.

---

\*     Our late colleague Judge Robert A. Katzmann was originally assigned to this panel. The two remaining members of the panel, who are in agreement, have decided this case in accordance with Second Circuit Internal Operating Procedure E(b). *See* 28 U.S.C. § 46(d); *cf. United States v. Desimone*, 140 F.3d 457, 458 (2d Cir. 1998).

**FOR RESPONDENT:**   Brian M. Boynton, Assistant
Attorney General; Jeffery R.
Leist, Senior Litigation Counsel;
Lance L. Jolley, Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Abigail Hernandez Arellano, a native and citizen of Mexico, seeks review of an April 30, 2019, decision of the BIA, affirming a November 2, 2018, decision of an Immigration Judge ("IJ") denying Hernandez Arellano's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abigail Hernandez Arellano,* No. A214 088 660 (B.I.A. Apr. 30, 2019), *aff'g* No. A214 088 660 (Immig. Ct. Batavia Nov. 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA and address only the agency's conclusion that Hernandez

2

Arellano failed to establish a well-founded fear of persecution on account of her membership in a particular social group. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility for asylum, Hernandez Arellano had to show a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i). The agency erred in its determination that Hernandez Arellano failed to establish either her membership in her proposed social group of individuals with intellectual disabilities who lack adequate family protection or that her fear of future persecution was objectively reasonable.

The agency assumed that Hernandez Arellano's proposed social group was cognizable but concluded that she had not established her membership in that group because she did not demonstrate that she would lack adequate family

protection in Mexico.  The IJ cited Hernandez Arellano's stepfather's testimony that he would be willing to "return" to Mexico with her and that her grandmother, uncle, and aunt remain in Mexico.  S. App'x at 16.  But Hernandez Arellano's stepfather cannot "return" to Mexico because he is from the Dominican Republic and not Mexico, and he testified that he would not be able to move to Mexico because he relies on his job with the New York transit authority for its benefits and retirement plan.  Further, he testified that Hernandez Arellano's grandmother is 85 years old and diabetic, her uncle is diabetic and an alcoholic, and her aunt is a single mother of 4 young children and thus none of them would be able to adequately care for Hernandez Arellano in Mexico.  Accordingly, the agency's finding that Hernandez Arellano failed to establish her membership in her proposed social group is flawed by the erroneous factual finding that she would have adequate family support in Mexico.

The agency also erred in concluding that Hernandez Arellano failed to submit evidence that her fear of harm on account of her intellectual disability was objectively

4

reasonable.  The IJ found that a report detailing the lifelong confinement and persecution and torture of individuals who suffer mental disabilities in Mexico did not apply to Hernandez Arellano because she suffers from an intellectual disability rather than a mental health issue, but the report explicitly states that it relates to people with intellectual disabilities as well as those with mental health issues.  Accordingly, we remand because the agency misconstrued material evidence in denying asylum and withholding of removal.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5